## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| ADELBERT M. "BERT" BRYAN, )<br>INDIVIDUALLY and OFFICIALLY as a )<br>Delegate to the Fifth Constitutional Convention )<br>AND MARY MOORHEAD, INDIVIDUALLY )<br>and OFFICIALLY AS SECRETARY OF THE )<br>Fifth Constitutional Convention, )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>FIFTH REVISION CONSTITUTIONAL )<br>CONVENTION, 29th LEGISLATURE OF THE )<br>VIRGIN ISLANDS, and GOVERNOR JOHN )<br>P. DE JONGH, OFFICIALLY AS GOVERNOR )<br>OF THE VIRGIN ISLANDS OF THE )<br>UNITED STATES, )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 2012-097 |

**Attorneys:**
**Adelbert Bryan,** *Pro Se*
St. Croix, USVI
    *For the Plaintiffs*

**Ronald E. Russell, Esq.,**
St. Croix, USVI
    *For Defendant 29th Legislature of the Virgin Islands*

**Erika M. Scott, Esq.,**
St. Croix, USVI
    *For Defendant Governor John P. de Jongh, Jr.*

## ORDER

THIS MATTER is before the Court on Plaintiffs Adelbert Bryan and Mary Moorhead's "Emergency Motion for a Temporary Restraining Order," which was filed on Friday, September 28, 2012. (Dkt No. 2). In accordance with an Order entered by the Court on Monday, October 1, 2012, Oppositions were filed on behalf of Defendants 29th Legislature of the Virgin Islands and Governor John P. de Jongh, Jr. on October 2, 2012, and a hearing on this matter was held on

October 3, 2012. In the interests of expediency, the Court issues this Order addressing the merits of Plaintiffs' "Emergency Motion for a Temporary Restraining Order." This Order will be followed as promptly as possible by a Memorandum Opinion providing a fuller exposition of the Court's ruling and addressing other corollary matters raised in the filings in this case and at the hearing on Plaintiffs' Motion.

For the reasons that follow, the Court will deny Plaintiffs' "Emergency Motion for a Temporary Restraining Order."

Act No. 7386 "establishes" the "Fifth Revision Convention" to "revise the draft Virgin Islands Constitution created by the Fifth Constitutional Convention." Act No. 7386 § 1(b). The Act provides that the Fifth Revision Convention, which is comprised of "the 30 elected delegates of the Fifth Constitutional Convention and a legal team . . . consist[ing] of five (5) attorneys" is tasked with doing its work "during the period beginning October 1, 2012 until October 31, 2012." Act No. 7386 §§ 1(a)-(c) and (e).[1]

The thrust of Plaintiffs' Emergency Motion for a Temporary Restraining Order—and this lawsuit—is that Act No. 7386 "is in direct conflict with Public Law 94-584 and Senate Joint Resolution 33" because "[i]t grants authority to the Fifth Revision Convention to revise, propose, and submit a constitution for the U.S. Virgin Islands," when Public Law 94-584 and Senate Joint Resolution 33 grant such authority *only* to the Fifth Constitutional Convention. (Plts.' Mot. at 2-3, Dkt. No. 2). Plaintiffs claim that because Act No. 7386 is in "direct conflict" with these

---

[1] In their written submissions and at the hearing, the parties took different positions regarding whether Act No. 7386 provides that the members of the legal team have the right to vote on decisions concerning the proposed constitution. Defendants 29th Legislature and the Governor argue that the members of the legal team have no voting rights under the Act—such rights being reserved to the thirty elected delegates of the Fifth Constitutional Convention—while Plaintiffs argue to the contrary.

federal laws, it is preempted. *Id*. On that basis, Plaintiffs seek a temporary restraining order enjoining the Fifth Revision Convention from convening.

To obtain a temporary restraining order, Plaintiffs must demonstrate that they are likely to succeed on the merits of their preemption claim; they will suffer irreparable harm without an injunction; the harm caused to the nonmoving parties does not outweigh the benefits of injunctive relief; and the injunction is in the public interest. *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356 (3d Cir. 2007). Likelihood of success on the merits is a critical element, the absence of which "necessarily" bars the issuance of a temporary restraining order. *See Am. Exp. Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012); *McTernan v. City of York, Pa.*, 577 F.3d 521, 528 (3d Cir. 2009).

"The Supremacy Clause of the Constitution . . . provides that the Constitution and laws in pursuance of it 'shall be the supreme Law of the Land.'" *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 406 (3d Cir. 2012) (quoting Const. art. VI, cl. 2). "The Supremacy Clause invalidates state law that 'interferes with or is contrary to federal law.'" *Lomando v. United States*, 667 F.3d 363, 377 (3d Cir. 2011) (quoting *Free v. Bland*, 369 U.S. 663, 666 (1962)). "Under the doctrine of federal preemption, state laws are invalid if they 'conflict with an affirmative command of Congress.'" *Treasurer of N.J.*, 684 F.3d at 406 (quoting *North Dakota v. United States*, 495 U.S. 423, 434 (1990)). Conflict preemption—which Plaintiffs contend is the primary relevant preemption doctrine—occurs "when compliance with both state and federal law is impossible, or where state law erects an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Farina v. Nokia Inc.*, 625 F.3d 97,

3

115 (3d Cir. 2010).[2] Courts should "seek to avoid [preemption] when possible." *Deweese v. Nat'l R.R. Passenger Corp. (Amtrak)*, 590 F.3d 239, 246 (3d Cir. 2009) (citing *Bates v. Dow Agrosciences LLC*, 544 U.S. 431, 432, 449 (2005)); *see also Conference of State Bank Sup'rs v. Conover,* 710 F.2d 878, 88 (D.C. Cir. 1983) ("In the construction of such laws, courts indulge a rule of construction . . . which avoids finding a conflict if at all possible."). Finally, "[t]he party asserting federal preemption bears the burden of proof." *Hefferman v. U.S. Virgin Islands*, 2010 WL 4942160, at *3 (D.V.I. Nov. 30, 2010) (citing *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 230 (3d Cir. 2001)).

Plaintiffs argue that Act No. 7386 conflicts with Public Law No. 94-584 because Public Law No. 94-584 grants authority to only the Fifth Constitutional Convention to revise and submit a proposed constitution. In their Motion, Plaintiffs did not specify what language in Public Law No. 94-584 supports this contention. Further, at the hearing, Plaintiffs were unable to identify any portion of Public Law 94-584 which supports their claim that Public Law No. 94-584 grants authority to only the Fifth Constitutional Convention to revise and submit a proposed constitution. Thus, Plaintiffs have failed to carry their burden of demonstrating a conflict between Public Law 94-584 and Act No. 7386. *Green,* 245 F.3d at 230 ("[T]he party claiming preemption bears the burden of demonstrating that federal law preempts state law").

Moreover, sections 2 and 3 of Public Law 94-584 authorize the Legislature of the Virgin Islands to "call constitutional conventions" and to make laws regarding the membership of such conventions. Pub. L. No. 94-584 §§ 2-3, as amended by Pub. L. 111-194, 2010 S.J. Res 33 (2010). In Act No. 7386, the Virgin Islands Legislature did precisely that by expressly providing for the "establish[ment]" and "conven[ing] of the Fifth Revision Convention" which is

---

[2] At the hearing, Plaintiffs also argued that Act No. 7386 is invalid based on field preemption. As discussed below, that claim has no merit.

comprised of "the 30 elected delegates of the Fifth Constitutional Convention and a legal team . . . consist[ing] of five (5) attorneys…." Act No. 7386 §§ 1(a), (c) and (e).[3] These provisions are in harmony with section 2 and 3 of Public Law 94-584, and therefore cannot be said to create "an obstacle to the accomplishment" of Congress' objectives in authorizing the Virgin Islands to draft its own constitution. Accordingly, Plaintiffs have failed to show a conflict between Act No. 7386 and Public Law 94-584. *Treasurer of N.J.,* 684 F.3d at 406.

Plaintiffs also argue that Act No. 7386 conflicts with, and is therefore preempted by, Joint Resolution 33. Plaintiffs claim that preemption is required because Joint Resolution 33 authorizes *only* the Fifth Constitutional Convention to revise the proposed constitution—rather than the Fifth Revision Convention authorized by Act No. 7386.

As discussed above, preemption occurs when territorial laws "conflict with an *affirmative command* of Congress." *Id.* (emphasis added). A statute or law that is non-obligatory cannot support a preemption claim. *See Trojan Technologies, Inc. v. Com. of Pa.*, 916 F.2d 903, 909 (3d Cir. 1990) (finding that a statute connoting a "sense of Congress" was insufficient to preempt a state statute).

Joint Resolution 33 communicates the "sense of Congress" and "*urges* the Fifth Constitutional Convention of the United States Virgin Islands to reconvene for the purpose of reconsidering and revising the proposed constitution in response to the views of the executive branch of the Federal Government." S.J. Res. 33, 11th Cong., 124 Stat 1309, 1309-1310 (2010) (emphasis added). Contrary to Plaintiffs' claim, the language of Joint Resolution 33 provides no "affirmative command" or obligatory language; rather, it conveys the "sense of Congress" and

---

[3] The argument advanced at the hearing that the word "call" in section 2 of Public Law 94-584 has a meaning that precludes its applicability when Congress—as here—has returned a proposed constitution for necessary revisions finds no support in the statutory language.

contains precatory language "urg[ing]"—but not requiring—the Fifth Constitutional Convention to reconvene. In construing federal provisions with similar language, other courts have found that they do not have the force of law. *See, e.g., Yang v. California Dep't of Soc. Servs.*, 183 F.3d 953 (9th Cir. 1999) (finding that use of "sense of Congress" indicating that state "should" perform certain act creates no enforceable federal rights); *Monahan v. Dorchester Counseling Ctr., Inc*, 961 F.2d 987, 994-95 (1st Cir. 1992) (same); *Trojan Techs., Inc.*, 916 F.2d at 909; *see also Barclays Bank PLC v. Franchise Tax Bd. of California*, 512 U.S. 298, 330 (1994) (holding that "precatory . . . Executive Branch communications that express federal policy but lack the force of law cannot render unconstitutional California's otherwise valid" tax laws).

Because Joint Resolution 33 merely conveys "the sense of Congress" and simply "urges" the Fifth Constitutional Convention to reconvene, it is not an "affirmative command of Congress" and therefore "does not create positive, enforceable law." *Barclays Bank PLC,* 512 U.S. at 330; *Monahan*, 961 F.2d at 994-95; *Yang*, 183 F.3d at 958-59. Without the force of law, Joint Resolution 33 cannot preempt Act No. 7386. *Treasurer of N.J.,* 684 F.3d at 406; *Trojan Techs., Inc.*, 916 F.2d at 909.

Accordingly, Plaintiffs have failed to show that either Public Law 94-584 or Joint Resolution 33 *requires* the Fifth Constitutional Convention to reconvene for the purpose of revising the proposed constitution, or that these laws authorize *only* the Fifth Constitutional Convention to revise the proposed constitution. Moreover, the sections of Act No. 7386 establishing and convening the Fifth Revision Convention—including the provisions incorporating the "legal team" into the Fifth Revision Convention—are consistent with sections

2 and 3 of Public Law 94-584, and are therefore not in conflict with federal law.[4]  As such, Plaintiffs' claim that Act No. 7386 is preempted by federal law fails as a matter of law, and Plaintiffs have therefore failed to show a likelihood of success on the merits.  Because likelihood of success on the merits is a dispositive element, Plaintiffs' "Emergency Motion for a Temporary Restraining Order" must be denied. *Am. Exp.,* 669 F.3d at 366; *McTernan,* 577 F.3d at 528.

---

[4]  At the hearing, Plaintiffs argued, for the first time, that "field preemption" applies in that Congress drafted Public Law 94-584 to "occupy the field" concerning the "process" for how the Virgin Islands must convene a constitutional convention when Congress has returned a proposed constitution, and that Act No. 7386 impermissibly invades that field by convening the Fifth Revision Convention.  This argument is utterly groundless.  Field preemption occurs "when Congress has regulated an area *so pervasively that it has not left room for state regulation.*" *Treasurer of N.J.*, 684 F.3d at 406 (citing *United States v. Locke*, 529 U.S. 89, 111 (2000)) (emphasis added); *see also Mabey Bridge & Shore, Inc. v. Schoch*, 666 F.3d 862, 868 (3d Cir. 2012) ("Field preemption occurs when a field is reserved for federal regulation, leaving no room for state regulation, and congressional intent to supersede state laws is clear and manifest.").

Here, Congress enacted sections 2 and 3 of Public Law 94-584, which authorize the Legislature of the Virgin Islands to "call constitutional conventions" and to make laws regarding the membership of such conventions. Rather than leave no "room for [territorial] regulation," Congress has done exactly the opposite and authorized the Virgin Islands Legislature to make laws regarding the process for convening constitutional conventions and drafting a proposed constitution.  *See* Pub. L. No. 94-584 §§ 2-3.  Thus, field preemption does not apply.  *See Treasurer of N.J.,* 684 F.3d at 406; *see also Farina*, 625 F.3d at 121-22 ("Given Congress's and the FCC's . . . recognition of a role for state regulation within the field of RF emissions, we cannot conclude that federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it.") (citing *Cipollone v. Liggett Group, Inc*., 505 U.S. 504, 516 (1992)).

7

**UPON CONSIDERATION** of Plaintiffs' "Emergency Motion for a Temporary Restraining Order," Defendants responses to same, the argument of counsel and the parties at the October 3, 2012 hearing, the entire record herein, and for the reasons stated above, it is hereby

**ORDERED** that Plaintiffs' "Emergency Motion for a Temporary Restraining Order" is **DENIED**.

**SO ORDERED.**

Date: October 5, 2012                                        _____/s/_____
                                                             WILMA A. LEWIS
                                                             District Judge