DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ADELBERT M. "BERT" BRYAN, INDIVIDUALLY and OFFICIALLY as a Delegate to the Fifth Constitutional Convention AND MARY MOORHEAD, INDIVIDUALLY and OFFICIALLY as Secretary of the Fifth Constitutional Convention, <br><br> Plaintiffs, <br><br> LAWRENCE SEWER, as a Delegate to the Fifth Constitutional Convention, <br><br> Intervenor, <br><br> v. <br><br> FIFTH REVISION CONSTITUTIONAL CONVENTION and 29th LEGISLATURE OF THE VIRGIN ISLANDS, <br><br> Defendants. | Civil Action No. 2012-097 |

**Attorneys:**
**Adelbert Bryan,** *Pro Se*
St. Croix, USVI
    *For the Plaintiffs*

**Yohana M. Manning, Esq.,**
St. Croix, USVI
    *For Intervenor Lawrence Sewer*

**Senator Ronald E. Russell, Esq.,**
St. Croix, USVI
    *For Defendant 29th Legislature of the Virgin Islands*

## MEMORANDUM OPINION

THIS MATTER is before the Court following an Order entered on October 17, 2012 (Dkt. No. 24) (the "Show Cause Order"), ordering Plaintiffs, acting *pro se*, and Intervenor

Lawrence Sewer to show cause why this action should not be dismissed with prejudice.[1] For the reasons that follow, the Court will dismiss this action with prejudice.

Plaintiffs initiated this action seeking a declaration from the Court that Act No. 7386, 29th V.I. Leg. (2012), is preempted by federal law. (Dkt. No. 1 at 7).[2] Following a hearing on Plaintiffs' Motion for Temporary Restraining Order (Dkt. No. 2), the Court concluded that Plaintiffs' preemption claim fails as a matter of law because: (1) the Act did not conflict with an affirmative command of Congress; and (2) Congress did not regulate the area so pervasively that field preemption applies. (Dkt. No. 21 at 4-7; Dkt. No. 22 at 17-18). The Court also issued the Show Cause Order requiring Plaintiffs and Intervenor Sewer to show cause why this action should not be dismissed with prejudice in light of the Court's determination of the preemption issue.

In response to the Order to Show Cause, Plaintiffs filed a Joint Response, requesting that the Court "allow the case to continue[.]" (Dkt. No. 27 at 3). Intervenor Sewer, on the other hand, filed a "Notice of Non Filing," suggesting that he did not seek to continue this litigation. (Dkt. No. 28 at 2).[3] Upon consideration of this matter, the Court is not persuaded by Plaintiffs' arguments against dismissal.

---

[1] Upon oral motion, the Court allowed Lawrence Sewer to permissively intervene in this action pursuant to Federal Rule of Civil Procedure 24(b)(1)(B). (Dkt. No. 22 at 15).

[2] In particular, Plaintiffs and Intervenor Sewer argued that Act No. 7386 is preempted by Public Law No. 94-584 and Senate Joint Resolution 33, S.J. Res. 33, 11th Cong., 124 Stat 1309, 1309-10 (2010).

[3] By the terms of the Show Cause Order, Defendant 29th Legislature was provided an opportunity to respond to the submissions by Plaintiffs and Intervenor Sewer. However, Defendant 29th Legislature did not file a response.

Based on the contention that they "did not have an opportunity to present witnesses or documentary evidence" in the context of the oral argument on the Motion for Temporary Restraining Order, Plaintiffs argue that they should be granted an opportunity to "develop their case with tangible evidence" regarding "Congress'[] intent" in drafting the provisions which the Court concluded do not preempt Act No. 7386. (Dkt. No. 27 at 2-3). In its Order and Memorandum Opinion, however, the Court considered the federal provisions at issue and concluded—as a matter of law and based on the clear and unambiguous language of the provisions—that they do not preempt Act No. 7386. (Dkt. No. 21 at 3-7; Dkt. No. 22 at 15-19). Because the language at issue is clear and unambiguous, the use of extrinsic evidence to determine Congress' intent is inappropriate. *Compare Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1333 (11th Cir. 2005) (disagreeing with district court's conclusion that it would still be "entitled to rely on extrinsic evidence of Congressional intent" after it found that a statute was unambiguous, and stating "[w]here the statutory text is unambiguous the inquiry ends") (citations and quotation marks omitted), *with Oklahoma v. New Mexico*, 501 U.S. 221, 236 (1991) ("[W]e repeatedly have looked to legislative history and other extrinsic material when required to interpret a statute which is *ambiguous*[.]") (emphasis added and citations omitted). As the Third Circuit has explained, "[t]o determine a law's plain meaning, [courts] begin with the language of the statute. If the language of the statute expresses Congress's intent with sufficient precision, the inquiry ends there . . . ." *United States v. Gregg*, 226 F.3d 253, 257 (3d Cir. 2000); *see also In re Mehta*, 310 F.3d 308, 311 (3d Cir. 2002) (noting that courts "look to the text of a statute to determine congressional intent, and look to legislative history *only* if the text is ambiguous") (emphasis added); *Bruesewitz v. Wyeth Inc.*, 561 F.3d 233, 244 (3d Cir. 2009) (stating that the Third Circuit "decline[s] to employ legislative history if a statute is clear

3

on its face"). Thus, it would be inappropriate for Plaintiffs to present extrinsic evidence regarding Congress' intent. The intent is manifest in the clear language of the provisions themselves.

Plaintiffs also suggest that they have made a sufficient showing of likelihood of success on the merits of their preemption claim to avoid dismissal at this stage. (*See* Dkt. No. 27 at 2). The Court disagrees. Plaintiffs' claim hinges on an issue of statutory interpretation—a question of law which the Court has concluded bars their preemption claim. Plaintiffs cannot, therefore, prevail on the merits of their claims. Further proceedings in this matter would serve only to create unnecessary expense for the parties and consume finite judicial resources. Dismissal of the action is thus the appropriate course. *See Ass'n N.J. Rifle & Pistol Clubs v. Governor of N.J.*, No. 12-1624, 2013 U.S. App. LEXIS 2067, *4-5 (3d Cir. Jan. 30, 2013) (upholding district court's denial of preliminary injunction and dismissal of a preemption claim where the court concluded that a New Jersey statute was not preempted by the plain language of a federal statute); *see also Pitt News v. Pappert*, 379 F.3d 96, 105 (3d Cir. 2004) (foregoing further proceedings and addressing merits of an underlying claim where a "preliminary injunction appeal presents a question of law and the facts are established or of no controlling relevance") (internal citations and quotation marks omitted).

Accordingly, the Court finds that further proceedings in this matter are unnecessary and dismissal of the action with prejudice is warranted. An appropriate Order accompanies this Memorandum Opinion.

Date: February 19, 2013 _____/s/_____
WILMA A. LEWIS
District Judge